*Rec'd 2.27.20 Cert. MAIL* (4)

IN THE CIRCUIT COURT FOR Prince George's County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS
*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).
*Defendant*: You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT  **CASE NUMBER** _____ (Clerk to insert)
**CASE NAME:** Daphne Cheeks vs. National Passenger Rail Corporation
        Plaintiff                           Defendant

**PARTY'S NAME:** _____
**PARTY'S ADDRESS:** _____  **PHONE:** _____ (Daytime phone)
**PARTY'S E-MAIL:** _____

If represented by an attorney:
**PARTY'S ATTORNEY'S NAME:** David C.M. Ledyard  **PHONE:** (410) 807-8077
**PARTY'S ATTORNEY'S ADDRESS:** One North Charles Street, Suite 1215, Baltimore, Maryland 21201
**PARTY'S ATTORNEY'S E-MAIL:** david@ledyardlaw.com

**JURY DEMAND?** ☒ Yes ☐ No
**RELATED CASE PENDING?** ☐ Yes ☒ No  If yes, Case #(s), if known: _____
**ANTICIPATED LENGTH OF TRIAL:** ____ hours or __2__ days

### PLEADING TYPE
**New Case:** ☒ Original   ☐ Administrative Appeal   ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case*, skip Case Category/Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☒ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 11/2016)        Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☒ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☒ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above*, mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☒ Liability is seriously in dispute.

### MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000   ☐ $10,000 - $30,000   ☐ $30,000 - $100,000   ☒ Over $100,000

☐ Medical Bills $_____   ☐ Wage Loss $_____   ☐ Property Damages $_____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation   ☐ Yes  ☒ No        C. Settlement Conference   ☒ Yes  ☐ No
B. Arbitration  ☐ Yes  ☒ No        D. Neutral Evaluation      ☐ Yes  ☒ No

### SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

### ESTIMATED LENGTH OF TRIAL

With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.
*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less         ☐ 3 days of trial time
☐ 1 day of trial time              ☐ More than 3 days of trial time
☒ 2 days of trial time

### BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions*, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.

☐ **Expedited**- Trial within 7 months of Defendant's response        ☐ **Standard** - Trial within 18 months of Defendant's response

### EMERGENCY RELIEF REQUESTED

**COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)**

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

**CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)**

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

**CIRCUIT COURT FOR BALTIMORE COUNTY**

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

January 8, 2020
Date

One North Charles Street, Suite 1215
Address

Baltimore, Maryland 21201
City, State, Zip

*[signature]*
Signature of Counsel / Party

David C.M. Ledyard
Printed Name

CC-DCM-002 (Rev. 11/2016)        Page 3 of 3

| | | |
|---|---|---|
| DAPHNE CHEEKS,<br>5405 Bowleys Lane<br>Baltimore, Maryland 21206, | \* | IN THE CIRCUIT COURT |
| | \* | FOR PRINCE GEORGE'S COUNTY |
| *Plaintiff(s)*, | \* | CIVIL DIVISION |
| v. | \* | |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br>d/b/a WMATA,<br>600 5ᵀᴴ Street, NW,<br>Washington, DC 20001, | \* | Case No.:_____ |

      *Serve on: Resident Agent*
      Patricia Y. Lee, General Counsel
      WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
      600 5th Street, NW
      Washington, DC 20001

      *And*

NATIONAL RAILROAD
PASSENGER CORPORATION,
d/b/a AMTRAK,
1 Massachusetts Avenue, NW
Washington, DC 20001,

      Serve on: Resident Agent
      Eleanor D. Acheson, Esq.
      Chief Legal Officer, General Counsel & Corporate Secretary
      NATIONAL RAILROAD PASSENGER CORPORATION
      1 Massachusetts Avenue, NW
      Washington, DC 20001,

      Serve on: Resident Agent
      CT Corporation
      1015 15th Street, NW, Suite 1000
      Washington, DC 20001

      *And*

MARYLAND TRANSIT ADMINISTRATION,
Six St. Paul Street, 12th Floor
Baltimore, MD 21202,

*Serve On: Resident Agent*     \*
Julie T. Sweeney, Acting Chief Counsel,
Six St. Paul Street, 12th Floor     \*
Baltimore, Maryland 21202,
    \*
*And*
    \*
PRINCE GEORGE'S COUNTY, MARYLAND,
COUNTY ADMINISTRATION BUILDING     \*
14741 Governor Oden Bowie Drive
Upper Marlboro, Maryland 20772,     \*

    *Serve On: Acting County Attorney*     \*
    Rhonda L. Weaver, Esq.,
    1301 McCormick Drive, Suite 4100     \*
    Largo, Maryland 20774
    \*
*And*
    \*
STATE OF MARYLAND,
c/o Nancy K. Kopp, State Treasurer     \*
GOLDSTEIN TREASURY BUILDING
80 Calvert Street     \*
Annapolis, Maryland 21401,
    \*
    *Serve On*: *Resident Agent*
    Brian E. Frosh, Esq.,     \*
    Attorney General of Maryland
    200 Saint Paul Place     \*
    Baltimore, Maryland 21202
    \*
*Defendants.*
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT & REQUEST FOR JURY TRIAL**

    Plaintiff(s), by and through his/her/their/its attorneys, David C.M. Ledyard and Ledyard Law LLC, file(s) suit against Defendant(s), and state(s) the following in support thereof:

### THE PARTIES

    1.     Plaintiff(s) are/is and was/were, at all times relevant, a resident(s) of Baltimore City, Maryland.

    2.     Defendant Washington Metropolitan Area Transit Authority ("WMATA") is a tri-jurisdictional government agency operating under an interstate compact that does business in Prince George's County, Maryland.

3. National Railroad Passenger Corporation is a quasi-public corporation operating across the United States of America that does business in Prince George's County, Maryland.

4. National Railroad Passenger Corporation does business as "Amtrak."

5. The Maryland Transit Administration ("MTA") is a governmental agency of the State of Maryland that does business in Prince George's County, Maryland.

6. Prince George's County, Maryland, is a county in the State of Maryland that does business in Prince George's County, Maryland.

7. The State of Maryland is a governmental entity that does business in Prince George's County, Maryland.

JURISDICTION AND VENUE

8. This Court has personal jurisdiction over the Defendant(s) pursuant to Maryland Code, Courts & Judicial Proceedings, § 6-103, because the cause of action arose in Maryland.

9. This Court has subject matter jurisdiction over the Defendant(s) pursuant to Maryland Code, Courts & Judicial Proceedings, § 4-401(1), because the amount in controversy is greater than thirty-thousand dollars ($30,000.00).

10. Venue lies with the this Court pursuant to (a) Maryland Code, Courts & Judicial Proceedings, § 6-201(a), because Defendant(s) reside, carry on a regular business, are employed, and habitually engage in a vocation in this County; (b) Maryland Code, Courts & Judicial Proceedings, § 6-201(b) because there is more than one defendant, and there is no single venue applicable to all defendants under Maryland Code, Courts & Judicial Proceedings, § 6-201(a), so all may be sued in this County, which any one of them could be sued; and (c) Maryland Code, Courts & Judicial Proceedings, § 6-202(8), because this is a tort action based on negligence arising in this County.

*Facts Common to All Counts*

11. This action arises from injuries sustained by Plaintiff after she slipped on a wet step at the "New Carrollton Station" on January 12, 2017.

12. The "New Carrollton Station" is located at 4700 Garden City Drive, New Carrollton, Maryland 20785 and 4300 Garden City Drive, New Carrollton, Maryland 20785.

13. The New Carrollton Station serves Amtrak train traffic, WMATA Metrorail traffic, and Maryland Transit Administration "MARC" train traffic.

14. The New Carrollton Station is owned, operated, managed, cleaned, and/or

maintained by some or all of the Defendants Amtrak, WMATA, MTA, the State of Maryland, and Prince George's County.

15. On or about this date, Plaintiff was travelling from her home in Baltimore, Maryland, to her office in Northern Virginia.

16. During the first leg of her journey, Plaintiff takes the MARC train to the New Carrollton Station.

17. At the New Carrollton Station, Plaintiff alights the MARC train walks down some steps and boards the WMATA Metrorail and continues on her journey.

18. However, on this date, while Plaintiff was travelling down the steps in a safe, reasonable, and cautious manner, she slipped and fell in water injuring herself (the "Occurrence").

19. After she slipped and fell, a station employee acknowledged that the area where she slipped and fell frequently accumulated water, the station was aware of the issue, and the issue, obviously, had not been corrected.

20. Prior to slipping and falling, Plaintiff could not see the water before stepping on it – despite exercising due care and caution for her own safety. Nothing else was unusual or different about the way Plaintiff was walking.

21. Nor had Plaintiff seen water in that area prior to that day.

22. At or near this date and time, the Premises was owned, operated, managed, and maintained by Defendant(s).

23. At or near these dates and times, Plaintiff fell because the stairs were not marked with any warning to Plaintiff nor had the Defendants taken any steps to fix the hazardous condition (either on that day before Plaintiff fell or prior to that date). Upon information and belief, prior to falling, the steps were operated, managed, maintained, inspected, cleaned, and repaired by Defendant(s). Upon information and belief, Plaintiff fell as a result of inadequate maintenance, inspection, management, operation, cleaning, or repair by Defendants(s).

24. Plaintiff(s) suffered severe mental and physical injuries as a result of this Occurrence.

25. Because Defendant(s) owned, operated, managed, cleaned, and maintained the Premises, they, their agents, their servants, and/or their employees knew or should have known that the Premises was operated, managed, cleaned, and maintained in an unsafe condition. Additionally, Defendant(s), their agents, their servants, and/or their employees supervised and

performed maintenance, cleaned up, and performed repairs in and around the Premises, and, therefore, knew or should have known that the Premises was in a hazardous condition and/or created the hazardous condition on the Premises.

26. However, Defendant(s), their agents, their servants, and/or their employees never warned or attempted to warn Plaintiff(s) or any other invitee of the hazardous condition of the Premises.

## COUNT I – NEGLIGENCE AND NEGLIGENCE PER SE
*(Plaintiff(s) v. Defendant(s))*

27. Plaintiff(s) incorporate(s) each of the foregoing paragraphs 1 through 26 as if the same were set forth at length herein.

28. Defendant(s), its/their agents, servants, and/or employees owed Plaintiff(s) a duty to use ordinary and reasonable care to maintain the Premises safe and free of hazards, and to protect Plaintiff(s) against injury that Plaintiff(s) or any other person could not have discovered through the use of reasonable care and which Defendant(s), its/their agents, servants, and/or employees knew or should have known posed an unreasonable risk. This includes, but is not limited to, protection from a hazardous condition created by Defendant(s), its/their agents, servants, and/or employees on the Premises.

29. Defendant(s), its/their agents, servants, and/or employees breached their duties and were negligent for the following reasons:

   a. Defendant(s), its/their agents, their servants, and/or their employees failed to ensure that the Premises, were operated, managed, cleaned, repaired, and maintained as to not cause injury to Plaintiff(s);

   b. Defendant(s), its/their agents, their servants, and/or their employees failed to operate, manage, repair, clean, and maintain the Premises, in a reasonably safe, prudent, and hazard-free condition;

   c. Defendant(s), its/their agents, its/their servants, and/or its/their employees failed to take any precaution with respect to the hazardous condition caused by the Premises;

   d. Defendant(s), its/their agents, its/their servants, and/or its/their employees failed to take heed to the notice of others regarding the condition of the Premises;

e. Defendant(s), its/their agents, its/their servants, and/or its/their employees failed to offer sufficient and prompt repairs to the Premises; thus leaving the Premises in a hazardous condition;

f. Defendant(s), its/their agents, its/their servants, and/or its/their employees failed to properly train themselves, its/their agents, its/their servants, and/or its/their employees responsible for the operation, management, cleaning, and maintenance of the Premises;

g. Defendant(s), its/their agents, its/their servants, and/or its/their employees failed to properly supervise themselves, its/their agents, its/their servants, and/or its/their employees responsible for operation, management, cleaning, and maintenance of the Premises;

h. Defendant(s), its/their agents, its/their servants, and/or its/their employees failed to exercise reasonable and ordinary care to provide a safe ingress and egress from the Premises with proper regard for the safety of Plaintiff(s) and others;

i. Defendant(s), its/their agents, its/their servants, and/or its/their employees failed to perform their services with proper regard for the safety of Plaintiff(s) and others;

j. Defendant(s), its/their agents, its/their servants, and/or its/their employees otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing; and

k. Defendant(s), its/their agents, its/their servants, and/or its/their employees failed to use ordinary and reasonable care in obeying all State, local, county, city, and municipal laws, ordinances, regulations, and codes; and

30. As a direct and proximate result of the negligence and lack of due care of Defendant(s), its/their agents, servants, and/or employees, Plaintiff(s) has/have sustained legally recognized damages.

31. All of Plaintiff(s)'s injuries, damages, and losses were caused solely and proximately by the negligence and lack of due care of Defendant(s), its/their agents, servants, and/or employees with no negligence on the part of Plaintiff(s) contributing thereto.

## COUNT II – RESPONDEAT SUPERIOR
*(Plaintiff v. Defendant)*

32. Plaintiff(s) incorporate(s) by reference Paragraphs 1 through 31, as if set forth fully herein, and states further:

33. The agents or employees of the Defendant(s) responsible for the operation, management, cleaning, construction, repair, and maintenance of the Premises were employed by, or the agents of, the Defendant(s).

34. The employees or agents of the Defendant(s) committed these acts and omissions while working for the Defendant(s), which resulted in personal injury to Plaintiff(s).

35. The agents or employees of the Defendant(s) committed these acts or omissions within the scope of their employment or agency relationships with the Defendant(s) for which they were acting in furtherance of the interests of the Defendant(s).

36. Defendant(s) is/are liable for the negligent acts and omissions of its/their agents, servants, and/or employees while acting within the scope of their employment or agency relationship with Defendant(s)

37. Plaintiff(s) suffered legally recognized damages as a direct and proximate result of the negligence and lack of due care by Defendant(s)'s agents, servants, and/or employees and the acts or omissions caused by Defendant(s)'s agents, servants, and/or employees.

WHEREFORE, Plaintiff(s), individually and separately, demand(s) judgment against Defendant(s), individually and separately and/or jointly and severally, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus interest, costs, and all other relief deemed necessary and just under the circumstances.

Respectfully Submitted,

**LEDYARD LAW LLC**

By: _____
David C.M. Ledyard
CPF No.: 0912160165
1 North Charles Street, Suite 1215
Baltimore, Maryland 21201
Phone: (410) 807-8077
Fax: (410) 807-8076
david@ledyardlaw.com

*Counsel for Plaintiff(s)*

## REQUEST FOR JURY TRIAL

Plaintiff(s) request(s) a trial by jury on all issues raised herein.

_____
David C.M. Ledyard